IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| **MICAELA BREWER** | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | 5:22-cv-4 |
| | § | |
| **ASSOCIATED SUPPLY** | § | |
| **COMPANY, INC.,** | § | |
| **LARRY BROWN** | § | |
| **Defendants** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Micaela Brewer by and through their undersigned counsel, Matthew Wright, Diaz & Wright, PLLC, hereby brings an action against Defendant the Associated Supply Company, Inc. (City) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. for sexual harassment, hostile work environment, and retaliation due to discrimination based on sex.

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under Title VII, of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

### PARTIES

Original Complaint – Brewer                                                                              1

3.    Plaintiff Micaela Brewer (Micaela) was a paid intern, and was from May 21, 2019 to August 21, 2019 employed by the Associated Supply Company, Inc.. At all relevant times, Ms. Brewer met the definition of "employee" under all applicable statutes.

4.    Defendant Associated Supply Company, Inc. is a corporation with its principle executive office located at 2102 East Slaton Highway, Lubbock, Texas 79452. At all relevant times, Defendant met the definition of "employer" under Title VII, Section 2000e, including employing fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. 42 U.S.C. § 2000e (b).

5.    Defendant Larry Brown is an individual and can be served at 12281 Southhaven Flint, Texas 75762 .

<u>**NATURE OF THE CLAIMS**</u>

6.    This is an action for declaratory, injunctive, and monetary relief to redress Defendants' unlawful work environment and subsequent retaliation, including discrimination against Micaela because of her gender.

7.    Over the course of Micaela's four (4) months of employment, she never received a bad review for her work performance.  Rather it was unwanted sexual advancement by Defendant Brown and failure to thwart those advances by Defendant Corporation that created a hostile, sexually charged, work environment that caused the termination of her employment and loss of eventual promotion.

8.    Defendant Brown knowingly and willfully showed a reckless disregard for Micaela, which has caused and continues to cause her to suffer economic and non-economic damages, permanent harm to her respective professional and personal reputation, as well as mental anguish and emotional distress.

9.     Defendant Corporation knowingly and willfully showed reckless disregard for the Micaela, which has caused and continues to caused her to suffer economic and non-economic damages, permanent harm to her respective professional and personal reputation as well as mental anguish and emotional distress.

## PROCEDURAL REQUIREMENTS

10.     Plaintiff has complied with all statutory requirements, exhausted all administrative remedies with both the Texas Workforce Commission and the Equal Employment Opportunity Commission, and prior to filing this action,  requested a right to sue notice. *Exhibit 1*

11.     Plaintiff Brewer has exhausted all remedies available and files this suit pursuant to the requested Notice of Right to Sue.  As such, the Plaintiff bears no fault as to the Notice of Right to Sue.  Upon issuance by the Department of Justice, the Plaintiff will file the Notice of Right to Sue upon issuance by the Department of Justice.  *McKart v. United States*, 395 U.S. 185, 193 (1969).

## FACTUAL ALLEGATIONS

12.     The Plaintiff was employed by the Associated Supply Company, Inc. as a paid intern from June 2, 2019 to August 21, 2019.

13.     The Plaintiff's position required her to prepare documents, participate in meetings, assist with sales, and interact with staff, vendors, clients, and the public.

14.     The Plaintiff earned praise and superior job performance evaluations during the entire tenure of her employment.

15.     In May of 2019, Mr. Larry Brown, co-defendant, supervisor, and an employee of Associated Supply Company, Inc., aggressively flirted with the Plaintiff.  She made repeated

requests asking and indicating for him to refrain to no avail.  The Plaintiff notified the Associated Supply Company, Inc., co-defendant, through her chain of supervisors including Kelly Mackerer, Rick Leaverton, and Bonnie Etheridge.   No member of the staff, appointed officer, or elected official responded to her complaint regarding Mr. Brown's unwanted advances.

16.  On multiple occasions in May of 2019, Defendant Brown texted inappropriate text messages containing pictures as well as messages designed to gradually groom a young woman into a sexual encounter.  The messages were designed to make Micaela become accustomed to his behaviour.

17.  On one occasion during work hours, the Defendant drove the Plaintiff around the Tyler area identifying hotels, breakfast spots, and a winery.  During the tour, Defendant Brown informed the Plaintiff that she was a "6" and that "I am too old for you to know what I truly think about you." Following the tour and these statements, Defendant Brown showed the Plaintiff photos of him dressed in boxers.   The Defendant Brown requested that the tour not be reported to the Defendant employer.

18.  On another occasion, Defendant Brown called the Plaintiff and asked if she would work out with him.  Plaintiff declined the invitation.

19.  On or about June 2, 2019, Defendant Brown and Micaela were required to carpool by the Defendant Corporation to a training in San Antonio.  During the drive and with no opportunity to escape, Defendant continued to verbally harassed Micaela.  The Defendant even played and "dedicated" a song with the following lyrics:

> " What we doing?
> I'mma ask you straight up!
> Is you fucking or what?
> Is you fucking or what?

Is you fucking or what?
Talk to me, let me know."
Preston Butler, R. (2014) "Fucking or What," Plies, *The Very Best of Twerk.*

20.  During the June 2nd drive, following the lyrics above, Defendant Brown asked the Micaela how she kisses and how she uses her tongue when kissing.  The conversation continued and included such topics as "hitting it from behind", "deep throating",  and whether they should get adjoining hotel rooms.  Micaela was entrapped in the car for four hours from Tyler to San Antonio.   Upon arrival at the hotel, the Defendant's harassment continued with electronic messages including photos of the Defendant's bed as well a numerous unwanted text messages.

21.  The Plaintiff reported the various incidents to Defendant Corporation through Bonnie Ethridge the day after the incidents.

22.  Defendant Corporation opened an investigation into the matter. Plaintiff informed the Defendant Corporation that she could move her work location to a branch near her home in Terrell, Texas.

23.  Defendant Corporation moved Micaela's work location that required her to make a 196 mile roundtrip everyday.

24.  Micaela's new supervisor provided no training, no experience, no assignments, and no guidance as to work performance.  Plaintiff essentially had to self-manage and self-train.

25.  Defendant Corporation conducted a two-day investigation but failed to report any findings or take any corrective action during the Plaintiff's remaining employment.

26.  Prior to the incident Defendant Corporation represented that the Plaintiff would be offered a full-time position and would be trained to become a branch manager.

27.  At an event on August 21, 2019 at a Baylor University career event, a new employee of the Defendant Corporation informed Plaintiff that her situation has been openly discussed within the corporation but that Defendant Brown remained employed.

## CAUSES OF ACTION

### SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e et seq.

28.    Paragraphs 1-27 are incorporated herein by reference.

29.    Ms. Brewer alleges that she was discriminated against on the basis of her sex. Ms. Brewer carries the initial burden of proving a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

30.    To state a prima facie case of sex discrimination under Title VII, the Plaintiff must show that: (a) he or she was a member of the protected class; (b) he or she was qualified for the position; (c) he or she suffered an adverse employment action; and (d) similarly situated employees outside the class were treated more favorably. *Paske v. Fitzgerald*, 785 F.3d 977, 985 (5th Cir. 2015), *See also Mayfield v. Tarrant Regional Water District*, 467 S.W.3d 706, 712 (Tex. App.—El Paso 2015, no pet., discussing the use of the burden shifting analysis in *McDonnell Douglas Corp v. Green* for sex discrimination cases). Ms. Brewer alleges that she was treated differently because she was a woman.

31.    Defendant, Associated Supply Company, Inc., intentionally engaged in unlawful employment practices involving Plaintiff because she is a female.

32.    Defendant, Associated Supply Company, Inc., intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of

any employment opportunity or adversely affect her status because of Plaintiff's sex in violation of 42 U.S.C. Section 2000e-(2) (a).

**(a)  Member of a Protected Class**

33.    Specifically, Ms. Brewer alleges that she would not have been harassed and constructively terminated had she been a man in her position.  Sexual harassment, a hostile work environment, and constructive termination because of her sex qualifies Ms. Brewer as a member of a protected class. Plaintiff alleges that Defendant, Associated Supply Company, Inc., sexually harassed Plaintiff on the basis of sex with malice or with reckless indifference to the federal-protected rights of Plaintiff.

**(b)  Qualified for the Position**

34.    Ms. Brewer was qualified for her position. She met the qualifications for hire. Additionally, Ms. Brewer was eligible for promotion, via permanent employment. .

**(c)  Adverse Employment Action**

35.    The adverse employment action in this case was loss of permanent employment, a form of constructive termination, by the Corporation created by hostile work environment of sexual harassment and subsequent retaliation by the employee and Corporation. Defendant Brown sexually harassed Plaintiff, as described above, in violation of her rights under 42 U.S.C. Section 2000e-(2) (a).  Defendant, Associated Supply Company, Inc., knew or should have known of the harassment, yet failed to take prompt remedial action.

**(d)  Similarly Situated Employees Treated More Favorably**

36.    The male employees were not subject to the sexual harassment that was forced upon Ms. Brewer.  Therefore, Ms. Brewer, was treated less favorably than male employees of the Corporation.

Original Complaint – Brewer                                                                                              7

## DAMAGES

37.     As a direct and proximate result of both Defendants, conduct, Plaintiff suffered the following injuries and damages.

a.      Plaintiff was constructively terminated from employment because due process of her claims was not provided;

b.      Economic damages of $150,000 related to the loss of her job and subsequent job search;

c.      Plaintiff suffered loss of employment income and benefits during a prolonged period of un- or underemployment following the termination;

d.      As a result of the retaliation and failure to continue employment, Plaintiff Brewer suffered loss of pension or retirement benefits during the time that she unemployed, or in the alternative the ability to vest or take advantage of retirement benefits;

e.      Micaela lost permanent employment due to the sexual harassment;

f.      Micaela has had to take positions that is a step down from her prior position with the Corporation.

g.      Micaela has suffered mental anguish and emotional distress. Micaela has had to endure the loss of job opportunity as a result of being sexually harassed. Micaela has had to endure humiliation, embarrassment and an impact on her reputation as a result of sexual harassment.

## SPECIFIC RELIEF

38.     Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

a.    Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful employment actions of Defendant.

b.    Require the Defendant, the Associated Supply Company, Inc., to conduct eight hours of sexual harassment training for all staff annually for 8 years.

c.    Require the Defendant, the Associated Supply Company, Inc. to conduct eight hours of human resource training for all staff members annually for 8 years.

d.    Issue a Restraining Order against the Defendant, Mr. Brown, from coming into contact or being within 500 feet of Ms. Brewer and Ms. Brewer's immediate family.

## PUNITIVE DAMAGES

39.    Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff.  To punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for punitive damages.


## ATTORNEY'S FEES & COSTS

40.    Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42, U.S.C. S. 2000e-5 (k).

## PRAYER

41.    For these reasons, Micaela ask for judgment against Defendants for the following:

(a)      Injunctive relief to stop and prevent unlawful employment practices;

(b)      Injunctive relief to include reinstatement;

(c)      Money damages, including but not limited to, back pay, front pay, and compensatory damages for Ms. Brewer;

(d)      Exemplary and punitive damages for Ms. Brewer;

(e)      Prejudgment interest on lost wages and benefits and post judgment interest on all sums, including attorney fees.

(f)      Reasonable attorney's fees incurred with this lawsuit with interest thereon; and

(g)      Other damages and further relief as deemed just by this Court.

## **JURY DEMAND**

42.    Plaintiff Brewer request a trial by jury.

Respectfully Submitted,

Matthew G. Wright
State Bar No. 2409956
Diaz & Wright, PLLC
P.O. Box 522
Rosebud, TX 76570
254-583-0009 (office)
877-455-1229 (fax)
matthew@diazwright.com